IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

**DEC 1 4 2007**

J.T. NOBLIN, CLERK
BY_____DEPUTY

LASHUN SMITH, INDIVIDUALLY, AND ON                    PLAINTIFFS,
BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF LEE DEMOND SMITH,
DECEASED,

VS.                              CIVIL ACTION NO.: 1:07cv1256 LG-JMR

HARRISON COUNTY, MISSISSIPPI, by and through
its Board of Supervisors; HARRISON COUNTY
SHERIFF DEPARTMENT; SHERIFF GEORGE PAYNE, JR.,
officially and in his individual capacity; WARDEN DONALD
CABANA, Ph.D., officially and in his individual capacity;
BOOKING SUPERVISOR CAPTAIN RICK GASTON,
officially and in his individual capacity; BOOKING ROOM DEPUTY
LEO DEGEORGE, officially and in his individual capacity;
BOOKING ROOM DEPUTY JERRED MARK
NECAISE, officially and in his individual capacity;
BOOKING ROOM DEPUTY CATHERINE PAVOLINI,
officially and in her individual capacity; TRAINING
DIRECTOR CAPTAIN PHIL TAYLOR, officially and
in his individual capacity; SGT. ALLEN GREEN,
officially and in his individual capacity; DIRECTOR OF
INTERNAL AFFAIRS STEVE CAMPBELL, officially and
in his individual capacity; CENTRAL CONTROL OFFICER
LEAH RICHARDSON, officially and in her individual capacity;
BOOKING ROOM DEPUTY EVAN HUBBARD, officially
and in his individual capacity; DEPUTY JEREMY MOONEYHAM,
officially and in his individual capacity; DEPUTY KARL W.
STOLZE, officially and in his individual capacity; DEPUTY
DANIEL EVANS, officially and in his individual capacity;
CORRECTIONS OFFICERS JOHN AND/OR JANE DOES A-Z
in their official and individual capacity; AMERICAN
CORRECTIONAL ASSOCIATION; and its employee(s)
JOHN AND/OR JANE DOES 1-50; CITY OF BILOXI,
MISSISSIPPI; HARRISON COUNTY CORONER GARY
T. HARGROVE, officially and in his individual capacity;
PAUL ANTHONY MCGARRY, M.D., officially and
in his individual capacity; HEALTH ASSURANCE, LLC.;
and its employee(s) JOHN AND/OR JANE DOES 51-100;
officially and in their individual capacities.                **DEFENDANTS**

1

## COMPLAINT

## (THE PLAINTIFFS DEMAND A TRIAL BY JURY)

**COME NOW,** the Plaintiff, the Estate of Lee Demond Smith, Deceased, by and through LaShun Smith, individually, and on behalf of all the wrongful death beneficiaries of Lee Demond Smith, Deceased, in the above styled and numbered civil action, by and through his counsel of record, John D. Giddens and Mary B. Cotton, who file this Complaint against the aforementioned Defendants.  In support of same, the Plaintiff states, avers and gives notice of the following:

## PRELIMINARY STATEMENT

1.     This is a Federal Civil Rights action brought as a result of what the Plaintiff believes was a blatant violation of, *inter alia*, the federal civil, constitutional and human rights of the Deceased, Lee Demond Smith, who while in custody of the Harrison County Adult Detention Center on December 17, 2006, sustained injuries at the hands of certain Harrison County Deputies and/or others.  As a proximate consequence of said injuries, the Deceased, Lee Demond Smith, was transported to Garden Park Medical Center in Gulfport, Mississippi, where he died.  An autopsy was performed by Paul Anthony McGarry, M.D., who concluded that the Deceased, Lee Demond Smith, died from natural causes as a result of a pulmonary embolus of the deep leg and pelvic veins. A subsequent autopsy was performed which concluded that the Deceased, Lee Demond Smith, died from asphyxiation due to strangulation.  It is alleged that the Deceased's rights under certain federal statutes, to include 42 U.S.C. Sections 1983, 1985 and 1986, together with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated. The Deceased, Lee Demond Smith, is survived by his parents

and seven siblings. It is on behalf of the wrongful death beneficiaries that Lashun Smith, Mother to the Deceased, Lee Demond Smith, files this action and prays for the relief set forth in the following paragraphs.

## PARTIES

2.    The Plaintiff is Lashun Smith, individually, and on behalf of all the wrongful death beneficiaries of Lee Demond Smith, Deceased. The suit is brought by Lashun Smith, Mother of the Deceased, Lee Demond Smith. At the time of his death, the Deceased, Lee Demond Smith, was a citizen of the United States of America and the State of Mississippi wherein he resided in Harrison County, First Judicial District. The injuries inflicted upon the Deceased, Lee Demond Smith, were done so while he was being held on a violation of his probation in the Harrison County Adult Detention Center in Gulfport, Mississippi, while the Center was under the supervision and control of the Defendant, Sheriff George Payne, Jr.

3.    The Defendant, Harrison County, Mississippi, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Harrison County Sheriff Department. At all times relevant hereto, Harrison County, Mississippi, is vicariously liable for the acts of omission or commission of any Harrison County Sheriff Department Deputies and/or employees, as the same relates to the injuries and death of Lee Demond Smith. This Defendant may be served with process by affecting the same upon Connie Rocko, President of the Board of Supervisors and/or the Chancery Clerk of Harrison County, Mississippi, Mr. John McAdams at Harrison County Courthouse in Gulfport, Mississippi.

4.    The Defendant, the Harrison County Sheriff Department, is a political subdivision

organized to provide security and safety to and for the citizens of Harrison County, Mississippi. At all times relevant hereto, the Harrison County Sheriff Department is vicariously liable for the acts of omission or commission of any Harrison County Deputies and/or employees, as the same relates to the injuries and death of Lee Demond Smith. This Defendant may be served with lawful process by serving Sheriff, George Payne, Jr., or his designee, at the Harrison County Courthouse in Gulfport, Mississippi or at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

5.    The Defendant, George Payne, Jr., is an adult resident citizen of Harrison County, Mississippi. At all times material hereto, the Defendant was the duly elected Sheriff of Harrison County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Harrison County, Mississippi, including the Deceased, Lee Demond Smith. This Defendant is sued in his official and his individual capacities. He may be served with lawful process at the Harrison County Courthouse in Gulfport, Mississippi, or by effecting service upon his duly authorized designee, at the Harrison County Courthouse in Gulfport, Mississippi, or at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

6.    The Defendant, Donald Cabana, Ph.D., is an adult resident citizen of Harrison County, Mississippi. At all times material hereto, the Defendant was the duly appointed Officer in Charge and/or Warden of the Harrison County Adult Detention Center and employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne, Jr.,

4

and the Harrison County Sheriff Department. He was directly responsible for overseeing the administration of the Harrison County Adult Detention Center, developing, implementing and enforcing policies and procedures regarding the conduct of officers, their training, hiring and firing, the handling and/or processing of persons being detained, and for protecting the rights, privileges and immunities of every person in the custody of the Harrison County Adult Detention Center, including the Deceased, Lee Demond Smith. This Defendant is sued in his official and his individual capacities. He may be served with lawful process at the Harrison County Adult Detention Center, 10451 Larkin Smith Drive, Gulfport, Mississippi.

7.     The Defendant, Captain Rick Gaston, is an adult resident citizen of Harrison County, Mississippi.   At all times material hereto, the Defendant was employed as the Booking Supervisor by the Defendants, Harrison County, Mississippi, Sheriff George Payne, Jr., and the Harrison County Sheriff Department. He was in charge of devising policies and procedures regarding the booking process, the handling of persons being detained and/or processed in booking, supervising the booking personnel, implementing and enforcing such policies and procedures and generally overseeing the entire booking process, to include overseeing the training of Deputies and evaluating their performance. He is sued in his official and individual capacities. He may be served with lawful process at the Harrison County Adult Detention Center, 10451 Larkin Smith Drive, Gulfport, Mississippi, or where he may be found.

8.     The Defendant, Deputy Leo DeGeorge, is an adult resident citizen of Harrison County, Mississippi. At all times relevant hereto, the Defendant was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department

On the date in question, he was assigned to the booking department and was present while the Deceased, Lee Demond Smith, was abused and severely injured at the Harrison County Adult Detention Center. He is sued in his official and individual capacities. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

9.      The Defendant, Deputy Jerred Mark Necaise, is an adult resident citizen of Harrison County, Mississippi. At all times relevant hereto, the Defendant was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department. On the date in question, he was assigned to the booking department and was present while the Deceased, Lee Demond Smith, was abused and severely injured. He is sued in his official and individual capacities. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

10.     The Defendant, Deputy Catherine Pavolini, is an adult resident citizen of Harrison County, Mississippi. At all times relevant hereto, the Defendant was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department. On the date in question, she was assigned to the booking department and was present while the Deceased, Lee Demond Smith, was abused and severely injured. She is sued in her official and individual capacities. She may be served with lawful process at her place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

11.     The Defendant, Captain Phil Taylor, is an adult resident of Harrison County, Mississippi. At all times material hereto, the Defendant was employed as the Training

6

Director by the Defendants, Harrison County, Mississippi, Sheriff George Payne, Jr., and the Harrison County Sheriff Department. He was in charge of the training provided to the members of the Harrison County Sheriff Department and of the training provided to the members of the Harrison County Sheriff Department including those assigned to the booking department. He is sued in his official and individual capacities. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center, 10451 Larkin Smith Drive, Gulfport, Mississippi.

12.    The Defendant, Sergeant Allen Green, is an adult resident of Harrison County, Mississippi. At all times material hereto, the Defendant was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne, Jr., and the Harrison County Sheriff Department. He was in charge of the training provided to the members of the Harrison County Sheriff Department and of the training provided to the members of the Harrison County Sheriff Department, including those assigned to the booking department. He is sued in his official and individual capacities. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center, 10451 Larkin Smith Drive, Gulfport, Mississippi.

13.    The Defendant, Steve Campbell, at all times relevant to this Complaint, was the appointed Director of Internal Affairs for the Sheriff of Harrison County, Mississippi, and commissioned as a Deputy Sheriff holding the rank of Captain, was (and is believed to still be) an adult resident citizen of Mississippi, living within the jurisdiction of this Court. As a Director of Internal Affairs holding the rank of Major, Defendant, Campbell, was vested with the final decision making authority and responsibility to train, supervise, set policies and determine procedures, enforce policies and procedures, delegate authority

and generally oversee and supervise the daily operations of the entire Harrison County Sheriff's Department and all its divisions, departments and personnel including the Harrison County Adult Detention Center.  As such, he was directly and personally responsible for the safety and well-being of all persons detained, confined, incarcerated or otherwise held, regardless of individual status with the Harrison County Adult Detention Center.  He is sued in his official and individual capacities.  He may be served with process at the Harrison County Courthouse in Gulfport, Mississippi, or by effecting service upon his duly authorized designee at the Harrison County Courthouse in Gulfport, Mississippi or at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

14.    The Defendant, Deputy Leah Richardson, is an adult resident citizen of Harrison County, Mississippi. At all times relevant hereto, the Defendant was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department. She was the Central Control Officer charged with the responsibility to observe the surveillance cameras in the Harrison County Adult Detention Center, to include the booking department.  She is sued in her official and individual capacities. She may be served with lawful process at her place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

15.    The Defendant, Deputy Evan Hubbard, is an adult resident citizen of Harrison County, Mississippi.  At all times relevant hereto, the Defendant was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department. On the date in question, he was assigned to the booking department and was present while the Deceased, Lee Demond Smith, was abused and severely injured at the Harrison

County Adult Detention Center. He is sued in his official and individual capacities. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

16.    The Defendant, Deputy Jeremy Mooneyham, is an adult resident citizen of Harrison County, Mississippi. At all times relevant hereto, the Defendant was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department. On the date in question, he was present while the Deceased, Lee Demond Smith, was abused and severely injured at the Harrison County Adult Detention Center. He is sued in his official and individual capacities. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

17.    The Defendant, Deputy Karl W. Stolze, is an adult resident citizen of Harrison County, Mississippi. At all times relevant hereto, the Defendant was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department. On the date in question, he was present while the Deceased, Lee Demond Smith, was abused and severely injured at the Harrison County Adult Detention Center. He is sued in his official and individual capacities. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

18.    The Defendant, Deputy Daniel Evans, is an adult resident citizen of Harrison County, Mississippi. At all times relevant hereto, the Defendant was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department. On the date in question, he was present while the Deceased, Lee Demond Smith, was

abused and severely injured at the Harrison County Adult Detention Center. He is sued in his official and individual capacities. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

19.    Defendants, John and/or Jane Does A-Z, at all times relevant to this Complaint, were appointed as commissioned Corrections Officers at the Harrison County Adult Detention Center, were, and are believed to still be, adult resident citizens of Mississippi, and within the jurisdiction of the Court. As Corrections Officers, they participated in the daily operations of their specific shift within the Harrison County Adult Detention Center. As such, they were directly and personally responsible for the safety and well-being of all persons detained, confined, incarcerated, or otherwise held, regardless of individual status with the Harrison County Adult Detention Center. Defendants, John and/or Jane Does are sued in their official and individual capacities. They may be served with process as authorized by law where they may be found. These Defendants are unknown to the Plaintiffs at this time but upon positive identification, may be served where they may be found and their individual names added to this Complaint in accordance with the applicable Rules of Federal Civil Procedure and this Honorable Court.

20.    The Defendant, American Correctional Association, (ACA), is a national private non-profit 501(c)(3) organization, formed under the laws of the State of New York, with its main office located at the address of 206 North Washington Street, Ste. 200, Alexandria, VA 22314; (703)224-0000. ACA is a corrections association and believed to be the largest in the world. The ACA, upon specific request, evaluates prisons, jails and

related detention and correctional facilities to assess those facilities in accordance with "national standards" and other self-determined peneological criteria to determine if a facility meets and/or complies with recognized standards involving all aspects of operations, conditions, and treatment of incarcerated persons. With this evaluation, the ACA issues an "accreditation" to the facility indicating that the evaluated facility meets and/or complies with the "standards" set by the ACA.  For this evaluation, the ACA receives a fee.  The ACA had evaluated the Harrison County Adult Detention Center prior to Lee Demond Smith's death and issued its "accreditation" on behalf of Sheriff George Payne, Jr., and the Harrison County Sheriff Department indicating to the citizens of Harrison County, Mississippi and the general public on or about August 7, 2005, that the Harrison County Adult Detention Center met and/or complied with the "standards" set for "accreditation" by the ACA, even though the  Harrison County Adult Detention Center remained under a Consent Decree from the United States District Court concerning improper conditions of confinement and under scrutiny of the United States Department of Justice which had issued statements of concern regarding "a pattern of inmate abuse".  The ACA may be served with lawful process upon its President or other duly authorized corporate officer at the address of 206 North Washington Street, Ste. 200, Alexandria, Virginia 22314; (703) 224-0000.

21.     Defendants, John and/or Jane Does 1-50, at all times relevant to this Complaint, were appointed and employed by American Correctional Association (ACA) as auditors to inspect and/or evaluate the Harrison County Adult Detention Center to determine if it was in compliance with the applicable "Mandatory Standards" and applicable "Non-Standards for Adult Local Detention Facilities" per the Accreditation Contract with ACA

of May 2005. Defendants, John and/or Jane Does, determined that the Harrison County Adult Detention Center was in compliance, even though the Harrison County Adult Detention Center remained under a Consent Decree from the United States District Court concerning improper conditions of confinement and under scrutiny of the United States Justice Department which had issued statements of concern regarding "a very disturbing pattern of misuse of force." Despite this, the Harrison County Adult Detention Center was reaccredited on or about August 7, 2005. These Defendants are unknown to the Plaintiffs at this time but upon positive identification, may be served where they may be found and their individual names added to this Complaint in accordance with the applicable Rules of Federal Civil Procedure and this Honorable Court.

22.     The Defendant, Gary T. Hargrove, is an adult resident of Harrison County, Mississippi. At all times material hereto, the Defendant was employed as the Coroner by Harrison County, Mississippi and Harrison County Medical Examiner and is responsible for investigating deaths to determine the cause and manner of death. He is sued in his official and individual capacities. He may be served with lawful process at his place of employment at the Harrison County Medical Examiner, 2315 17th Street, Gulfport, Mississippi 39501.

23.     The Defendant, Paul Anthony McGarry, M.D., is an adult resident citizen of Harrison County, Mississippi. At all times material hereto, the Defendant was employed and/or contracted as a forensic pathologist by Harrison County, Mississippi and Harrison County Medical Examiner to provide investigative medical services, including autopsies. He is sued in his official and individual capacities. He may be served with lawful process at his place of employment at the Harrison County Medical Examiner, 2315 17th Street,

Gulfport, Mississippi 39501.

24.     The Defendant, City of Biloxi, is a municipality duly incorporated under the laws of the State of Mississippi. Pursuant to Miss. Code Ann. Section 13-3-47(1992), service of process may be had on the City of Biloxi, Mississippi, by affecting the same upon its Mayor, A. J. Holloway, or the Municipal Clerk for the City of Biloxi, Mississippi, at 140 Lameuse St, Biloxi, MS 39530. At all times relevant hereto, the City of Biloxi, Mississippi, is vicariously liable for the acts of omission or commission of any Biloxi Police Officers, as the same related to the death of Lee Demond Smith.

25.     The Defendant, Health Assurance, L.L.C., was at all times material hereto the contract medical provider retained to provide medical services or assistance to detainees at the Harrison County Adult Detention Center. This Defendant is a domestic corporate entity with its principal place of business located at 5903 Ridgewood Road, Ste. 320, Jackson, Mississippi 39211. At all times relevant hereto, the Health Assurance, LLC, is vicariously liable for the acts of omission or commission of any Health Assurance, LLC employee as the same relates to the death of Lee Demond Smith. It may be served with process at the Harrison County Adult Detention Center, 10451 Larkin Smith Drive, Gulfport, Mississippi, or by effecting service of process upon its registered agent, Melvin Priester at 371 Edgewood Terrance Drive, Jackson, Mississippi 39206.

26.     The Defendants, John and/or Jane Does 51-100, at all times material hereto, were employed by Health Assurance, LLC., to provide certain on-site professional medical services to inmates, detainees and other persons within the Harrison County Adult Detention Center in a timely and reliable manner as might be required. These Defendants are unknown to the Plaintiffs at this time but upon positive identification, may be served

13

where they may be found and their individual names added to this Complaint in accordance with the applicable Federal Rules of Civil Procedure and this Honorable Court.

## STATEMENT OF THE FACTS

27.    For a period of time prior to December 17, 2006, arrested individuals were subjected to unnecessary and unreasonable acts of violence at the hands of various Harrison County Deputies and/or employees.  The abuse, for the most part, was directed and exploded upon those who failed to obey, in the exact manner, orders, customs and/or procedures of the jail, whether known or unknown to the detainees while in the custody and control of the Harrison County Deputies.   Additionally, these acts of violence were also meted out against individuals who were being detained in the booking area of the Harrison County Adult Detention Center who irritated or annoyed the Deputies on duty or who the Deputies simply wanted to teach a lesson for one reason or another.

28.    Such abusive conduct is believed to have taken place against all races and both genders.  Injuries included many black eyes, broken bones, injured muscles, concussions, psychological damage beyond description and death.  For instance, on or about April 17, 2004, Roderick Clark Miller was arrested on an alleged domestic situation by the Gulfport Police Department and transported to the Harrison County Adult Detention Center.  While in the custody of the Harrison County Sheriff Department, Mr. Miller was beaten, punched and kicked so severely he later needed emergency room medical attention.  Mr. Miller sustained severe, extreme and aggravating injuries to his head, face, right shoulder which required surgery and internal organs.  On February 26, 2005, Bobby J. Golden was arrested by the Gulfport Police Department for a domestic violence charge.

Mr. Golden was transported to the Harrison County Adult Detention Center where a Deputy Sheriff caused Mr. Golden to be beaten by two juvenile detainees and later by a Deputy Sheriff.   Mr. Golden sustained injuries to his head, back, chest, bruised ribs and cut over his left eye.  On March 13, 2005 and November 6, 2005, Only Al-Khidhr and Gary Bice McBay, while temporarily held as pre-trial detainees at the Harrison County Adult Detention Center, were severely beaten by Correctional Officers resulting in severely swollen, bruised, blackened and bloodied eyes, one eye completely swollen shut, large bloody gash between his eyes, broken nose and numerous cuts on his face.  On January 7, 2006, Kasey D. Alves was arrested by the Biloxi Police Department and transported to the Harrison County Adult Detention Center.  While in the custody of the Harrison County Sheriff Department, Mr. Alves was beaten and placed in a restraining chair where straps were placed on several positions of Mr. Alves' body.  Mr. Alves remained strapped in the chair for 7 to 8 hours.  Upon his release, Mr. Alves was treated at the emergency room and diagnosed with severe Rhabdomyolysis and ultimately developed kidney failure and treated with Acute Renal Dialysis.  Then, on February 4, 2006, Jessie Lee Williams, Jr., was arrested by the Gulfport Police Department and transported to the Harrison County Adult Detention Center.  While in the custody of the Harrison County Sheriff Department, Mr. Williams was tasered in the back and back side burning holes in his skin, hammer slammed in the head, head stuffed in a sack filled with pepper spray, dropped face first to the ground, rolled him in an elastic fabric and placed in a restraining chair where he was choked and beaten over a period of time.  On February 6, 2006, Mr. Williams died as a result of his injuries.

29.    On or about December 4, 2006, the Deceased, Lee Demond Smith, was arrested

by the Biloxi Police Department on an aggravated assault charge which violated his probation on a 2005 conviction. The Deceased, Lee Demond Smith, was transported to the Harrison County Adult Detention Center where he was placed in the custody, control and/or supervision of the Harrison County Deputies. On December 17, 2006, the Deceased, Lee Demond Smith, sustained injuries causing emergency personnel to be summoned to the Harrison County Adult Detention Center. The Deceased, Lee Demond Smith, was transported by ambulance to Garden Park Medical Center in Gulfport, Mississippi, where he later died as a result of the injuries sustained at the hand of the Harrison County Deputies and/or others.

30.    Following the death of Lee Demond Smith, an autopsy was performed by forensic pathologist, Paul Anthony McGarry, M.D. The autopsy report concluded that Deceased, Lee Demond Smith, showed no signs of trauma and had died of natural causes caused by a pulmonary embolus of the deep leg and pelvic veins.

31.    A subsequent independent autopsy was performed on the Deceased, Lee Demond Smith, at the request of the Decedent's family. The autopsy concluded that the Deceased, Lee Demond Smith, showed signs of trauma to his head, chest and extremities and that he died from asphyxia due to strangulation.

## JURISDICTION

32.    The Plaintiff herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by the Deceased, Lee Demond Smith, and caused by the Defendants' blatant violation of the rights, privileges, and immunities of the Deceased, Lee Demond Smith, as guaranteed by

16

the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, 1985(3), 1986 & 1988. Additionally, this Honorable Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated. Finally, the Plaintiff's action for declaratory and injunctive relief is authorized pursuant to 28 U.S.C. Sections 2201 & 2202.

## VENUE

33.    Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 139(b) because a substantial part of the real and immediate harm sustained by the Plaintiffs occurred in this judicial district and division.

## COUNT 1

## ACTION FOR DEPRIVATION OF CIVIL RIGHTS

## (42 U.S.C. SECTION 1983)

34.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

35.    At all times material hereto, the Defendants, were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants commenced to implement a policy, custom, usage or practice wherein the rights, privileges or immunities of the Deceased, Lee Demond Smith, were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the

violation of the Deceased's right to the equal protection of the laws of the United States

of America, the Fourteenth Amendment to the Constitution of the United States of

America and the corresponding provisions of the Constitution of the State of Mississippi,

the right to procedural and substantive due process of the law pursuant to the Fifth and

Fourteenth Amendments to the Constitution of the United States of America, and the

right against cruel and unusual punishment pursuant to the Eighth Amendment to the

Constitution of the United States of America. The violations complained of in this

Complaint include, but are not limited to, the use of excessive force, beating, deprivation

of identifiable civil rights, i.e., liberty and/or property, the unnecessary and wanton

infliction of pain in light of the circumstances confronted by the Defendants resulting in a

deprivation that was sufficiently serious wherein the Defendants acted, maliciously and

sadistically by using excessive force and physical violence designed and intended to

cause the Deceased, Lee Demond Smith, physical, mental and emotional harm, pain,

humiliation and/or injury.

36.     As a direct and proximate consequence of the Defendants' actions, the Deceased,

Lee Demond Smith, was deprived of certain rights, privileges and immunities secured by

the Constitution of the United States of America, the laws of this Nation and the State of

Mississippi.  Specifically, Lee Demond Smith's Fifth and Fourteenth Amendment rights

to procedural and substantive due process and equal protection of the laws were violated

by the Defendants, together with his Eighth Amendment right against cruel and unusual

punishment.

37.     At all times material hereto, the Defendants, including, and/or John and Jane Does

A-Z, and their agents, representatives, and employees acted pursuant to the policies,

regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of the Defendants.

38.    It is further averred that the Defendants, including John and/or Jane Does A-Z, were the governmental officials whose edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the Defendants, Harrison County, Mississippi and Harrison County Sheriff Department. The aforementioned Defendants collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in and caused the injuries and death of the Deceased, Lee Demond Smith.

39.    As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Deceased, Lee Demond Smith, of certain rights guaranteed by the Constitution of the United States of America, the Deceased, Lee Demond Smith, suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing his wrongful death.   However, while alive and being beaten by the employees/agents of Harrison County and/or others including John and/or Jane Does A-Z, the Deceased, Lee Demond Smith, experienced extreme pain and suffering, humiliation, degradation, emotional distress and severe mental anguish.

## COUNT II

## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

## (42 U.S.C. SECTION 1985)

40.    The Plaintiff hereby incorporates by reference and re-alleges the information set

forth in the foregoing paragraphs.

41.    After being arrested by the Biloxi Police Department Officers on a probation violation, the Deceased, Lee Demond Smith, was transported and delivered into the custody of the Harrison County Sheriff Department's booking room Deputies and/or John and/or Jane Does A-Z. The Defendants, Harrison County, Mississippi, Harrison County Sheriff Department, Sheriff George Payne, Jr., Booking Supervisor Captain Rick Gaston, Booking Room Deputy Leo DeGeorge, Booking Room Deputy Jerred Mark Necaise, Booking Room Deputy Catherine Pavolini, Training Director Captain Phil Taylor, Sergeant Allen Green, Director of Internal Affairs Steve Campbell, Central Control Officer Leah Richardson, Booking Room Deputy Evan Hubbard, Deputy Jeremy Mooneyham, Deputy Karl W. Stolze, Deputy Daniel Evans, and/or John and/or Jane Does A-Z, planned on simply teaching the Deceased, Lee Demond Smith, a lesson and to cause the Deceased, Lee Demond Smith, to suffer and endure a great deal of pain. This plan culminated in the completion of the agreement and a deprivation of the Deceased's, Lee Demond Smith, constitutional rights when the Deceased, Lee Demond Smith, was caused to sustain injuries from which he later died as a direct and proximate consequence of said injuries he sustained while in the custody of the Defendants.

42.    There existed at the Harrison County Adult Detention Center a belief, practice, usage and/or custom that it was perfectly fine to beat and/or abuse detainees. When the Defendants began violating the Deceased's, Lee Demond Smith, constitutional rights by utilizing excessive force, beating and abusing him, and/or not intervening to stop the beating and abuse of him, and/or to report same, likewise became co-conspirators, aiders and abetters and/or accomplices to the deprivation of the Deceased's, Lee Demond

Smith, civil, constitutional and human rights and they are likewise liable for their acts of omission.

43.     Furthermore, the conspiracy to interfere with the Deceased's, Lee Demond Smith, civil rights manifested itself in the preparation of several false reports prepared by the Defendants, Harrison County, Mississippi, Harrison County Sheriff's Department, Sheriff George Payne, Jr., Gary T. Hargrove, Paul Anthony McGarry, M.D., and Health Assurance, LLC. This was further evidenced when the autopsy report concluded that the Deceased, Lee Demond Smith, showed no signs of trauma and died of natural causes due to pulmonary embolus of the deep leg and pelvic veins. This report was false. This information was disseminated in a further attempt to cover up the atrocious conduct of the Defendants.

44.     The conspiracy to deprive the Deceased, Lee Demond Smith, of certain federally protected rights, privileges and immunities began with a basic agreement among the Defendants. It concluded with acts of cover-up, lies and the preparation of false reports. It is clear from the facts set forth above that the Defendants willfully and maliciously agreed and conspired to engage in a course of conduct that resulted in a blatant violation of the Deceased's, Lee Demond Smith, constitutional rights through their acts of omission and commission. As a direct and proximate consequence of the Defendants' actions on the date in question, the Deceased, Lee Demond Smith, was caused to suffer injuries and die. Thus, the Defendants are jointly and severally liable to the Plaintiff for the injuries, pain, suffering, and resulting death of the Deceased, Lee Demond Smith.

## COUNT III

## ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY

## (42 U.S.C. SECTION 1986)

45.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

46.     The Defendants, Harrison County, Mississippi, Harrison County Sheriff Department, Sheriff George Payne, Jr., Warden Donald Cabana, PhD., Booking Supervisor Rick Gaston, Health Assurance, LLC, and/or John and Jane Does A-Z, knew or reasonably should have known, prior to the death of the Deceased, Lee Demond Smith, and the implementation of the conspiracy to deprive him of his federally protected rights, that such activity regularly took place in the Harrison County Adult Detention Center.  There had been previous incidents of abuse and allegations of unnecessary use of excessive force reported by the Harrison County Adult Detention Center to the American Correctional Association (ACA) when it sought accreditation from the Defendant, American Correctional Association.  Additionally, the Department itself has documented instances of alleged abuse in its Quarterly Reports submitted to the United States Department of Justice as part of the Consent Judgment entered in to by the Harrison County Sheriff's Department and Harrison County and its Board of Supervisors in 1995.

47.     However, neither Sheriff George Payne, Jr., Warden Donald Cabana, PhD., Booking Supervisor Rick Gaston, the members of Health Assurance, LLC., nor anyone else in a position of authority at Harrison County Adult Detention Center did anything to thwart the conspiracy that deprived the Decedent of his constitutional rights.  Had these Defendants intervened, the Deceased, Lee Demond Smith, would still be alive today.

48.    The Defendants, including Sheriff George Payne, Jr., Warden Donald Cabana, PhD., Booking Supervisor Rick Gaston, and unidentified employees of Health Assurance, LLC, and/or John and/or Jane Does A-Z, in their individual and official capacities, either intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the Deceased, Lee Demond Smith, and other persons similarly situated, of the equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred. Consequently, these Defendants are liable for Lee Demond Smith's death and the deprivations that occurred prior thereto.

## COUNT IV

### FAILURE TO ADEQUATELY TRAIN & SUPERVISE DEPUTIES

49.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

50.    The Defendants, Harrison County, Mississippi, Harrison County Sheriff Department, Sheriff George Payne, Jr., Warden Donald Cabana, PhD., Booking Supervisor Rick Gaston and Training Director Phil Taylor, failed to provide adequate and competent training and/or supervision to the Defendant Deputies working in and around Harrison County Adult Detention Center on the date in question.  The aforementioned Defendants are, and at the time of Lee Demond Smith's death were, tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out at the Harrison County Adult Detention Center by the Deputies employed there.

51.     As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement and otherwise devise a policy of adequate police training and/or supervision for its Deputies, the Deceased, Lee Demond Smith, was deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every Deputy within the employ of the Harrison County Sheriff Department and Sheriff George Payne, Jr. would have known of the illegality of the Defendants' conduct on the date in question and Lee Demond Smith's injuries and death and the corresponding deprivation of his civil rights, privileges and immunities would not have happened.

52     Failure to provide adequate training and supervision was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges and immunities of the Deceased, Lee Demond Smith, and any other person or persons similarly situated. Thus, because the Defendants failed to adequately train and supervise its Deputies, the aforementioned Defendants are liable for Lee Demond Smith's injuries and death and the deprivation of civil rights associated therewith.

## COUNT V

## NEGLIGENT HIRING, RETENTION AND FAILURE

## TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

53.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

54.     The Defendants, Harrison County, Mississippi, Harrison County Sheriff Department, Sheriff George Payne, Jr., Warden Donald Cabana, PhD, Booking Supervisor Rick Gaston, were vested with the authority to hire, fire and discipline

employees of the Harrison County Sheriff Department.  Furthermore, the Defendants were vested with the authority to adopt, develop and implement policies, procedures and practices to prevent Deputies from being hired at the Harrison County Adult Detention Center.

55.    Furthermore, on information and belief, the Plaintiff will show that there have been numerous complaints made about incidents of abuse and use of excessive force by Deputies and/or John and/or Jane Does A-Z.  The decision by the Defendants, Harrison County Sheriff Department, Sheriff George Payne, Jr., Warden Donald Cabana, and Booking Supervisor Rick Gaston, to hire, retain and not discipline these Deputies and/or John and/or Jane Does A-Z resulted in the creation of a hostile environment. As a direct and proximate consequence of the negligent hiring, retention, and failure to discipline or to take the necessary corrective action in the past, the aforementioned Defendants are liable for the death and corresponding deprivation of rights sustained by the Deceased, Lee Demond Smith.

## COUNT VI

### FRAUDULENT MISREPRESENTATION AND SUPPRESSION

56.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

57.    The Defendants, Harrison County Sheriff Department, John and/or Jane Does A-Z, Sheriff George Payne, Jr., Harrison County Coroner Gary T. Hargrove, Paul Anthony McGarry, M.D., and Health Assurance, LLC., misrepresented to the Plaintiff, the media and the general public the cause of Lee Demond Smith's death and/or fraudulently and

intentionally concealed material information, concerning the abuse and excessive force used against the Deceased, Lee Demond Smith

58.    The Defendants misrepresented to the Plaintiff, the media and general public that the Deceased, Lee Demond Smith, died from natural causes due to a pulmonary embolus and that there were no signs of trauma to the Deceased, Lee Demond Smith.

59.    The Defendants actively suppressed and/or concealed from the Plaintiff, the media and general public that the Deceased, Lee Demond Smith, died from a asphyxiation due to strangulation and his head, neck and extremities showed signs of trauma

60.    The Defendants knew these misrepresentations were false and made in furtherance of a conspiracy to cover-up, conceal and otherwise camouflage an existing pattern and continuing custom of the gross abuse and misuse of force at the Harrison County Adult Detention Center against detainees such as the Deceased, Lee Demond Smith.

61.    These misrepresentations were intentionally made in furtherance of a conspiracy by the Defendants in order to protect the Harrison County Adult Detention Center's recently received American Correctional Association accreditation, to protect themselves from existing and potential lawsuits in Federal Court, to prevent possible repercussions concerning the existing U.S. District Court Consent Decree and to thwart or otherwise obstruct the ongoing investigation and concerns of the U.S. Department of Justice.

62.    As a direct and proximate consequence of the fraudulent misrepresentations and suppression of material information concerning the Deceased, Lee Demond Smith, the

aforementioned Defendants are liable to the Plaintiffs for the death and corresponding deprivation of rights sustained by the Deceased, Lee Demond Smith.

## COUNT VII

## PENDENT STATE OR SUPPLEMENTAL CLAIMS

### A. BATTERY

63.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

64.    After the Deceased, Lee Demond Smith, was taken into the custody of the Harrison County Adult Detention Center, the Defendants' illegal and inappropriate abuse and/or use of excessive force amounted to battery and the offensive contact was intended to cause harm to the Deceased, Lee Demond Smith and to unnecessarily inflict pain and injury upon his body.

65.    As a direct and proximate consequence of the illegal and inappropriate abuse and/or use of excessive force inflicted upon the person of the Deceased, Lee Demond Smith, he was injured to such an extent that he ultimately died of his wounds. Thus, the Plaintiff Lashun Smith, individually and on behalf of all the wrongful death beneficiaries of the Deceased, Lee Demond Smith, is entitled to a money judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal and inappropriate abuse and/or use of excessive force that was inflicted upon the Deceased, Lee Demond Smith.

### B. ASSAULT

66.    The Plaintiff hereby incorporates by reference and re-alleges the information set

forth in the foregoing paragraphs.

67.    The events that give rise to this action that occurred on December 17, 2006, at the Harrison County Adult Detention Center created in the Deceased, Lee Demond Smith, as well as a reasonable apprehension that the Defendants and other unknown individuals acting independently and in concert with one another, were going to cause him to suffer or sustain immediate harmful or offensive contact to his person.

68    As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the assault perpetrated upon the person of the Deceased, Lee Demond Smith. Thus, the Plaintiff, Lashun Smith, individually, and on behalf of all the wrongful death beneficiaries of the Deceased, Lee Demond Smith, is entitled to a money judgment against the Defendants who engaged in, contributed to, or otherwise facilitated through their acts of omission or commission, the illegal assault that was inflicted upon the Deceased, Lee Demond Smith.

## C. CIVIL CONSPIRACY

69.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

70.    On the date in question, the Defendants, acting in concert with one another, entered into an agreement, expressly or by implication through their joint participation in the injuries and death of the Deceased, Lee Demond Smith, to engage in conduct that was wrongful, intentional, willful and wanton and designed to inflict upon the Deceased, Lee Demond Smith, certain harm, suffering and pain. The Defendants agreement to engage in such conduct was illegal and amounted to a civil conspiracy against the Deceased, Lee

Demond Smith.

71.    As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for the civil conspiracy to engage in conduct they knew or reasonably should have known was against the law and the public policy of this State when the same manifested itself against the interests of the Deceased, Lee Demond Smith.  Thus, the Plaintiff, Lashun Smith, individually, and on behalf of all wrongful death beneficiaries of the Deceased, Lee Demond Smith, is entitled to a money judgment against the Defendants who engaged in or contributed to, or otherwise facilitated through their acts of omission or commission, this civil conspiracy against the Deceased, Lee Demond Smith.

### D. THE COMMON LAW TORT OF OUTRAGE

72.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

73.    The Defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the injuries and death of the Deceased, Lee Demond Smith.

74.    As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct as the same resulted in the ultimate death of the Deceased, Lee Demond Smith.  Thus, the Plaintiff, Lashun Smith, individually, and on behalf of all the wrongful death beneficiaries of the Deceased, Lee Demond Smith, is entitled to a money judgment against the Defendants who engaged in

or contributed to or otherwise facilitated through their acts of omission or commission, such outrageous conduct toward the Deceased, Lee Demond Smith.

## E. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

76.    The Defendants' conduct was designed to not only inflict physical pain and suffering upon the Deceased, Lee Demond Smith, but also emotional and mental anguish and distress on the date in question. The manner, method and design of the Defendants' conduct caused the Deceased, Lee Demond Smith, to endure enormous emotional and mental distress and anguish.

77.    As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for the intentional infliction of emotional distress and mental anguish inflicted upon the person of the Deceased, Lee Demond Smith. Thus, the Plaintiff, Lashun Smith, individually, and on behalf of all the wrongful death beneficiaries of the Deceased, Lee Demond Smith, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated, through their acts of omission or commission, such outrageous conduct perpetrated upon the Deceased, Lee Demond Smith.

## F. BREACH OF THIRD PARTY BENEFICIARY CONTRACT

78.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

79.    The Defendant, the American Correctional Association (ACA), entered into a

contract with Harrison County, Mississippi, for the purpose of obtaining national accreditation of the Harrison County Adult Detention Center on December 17, 2006, where the Deceased, Lee Demond Smith, was detained and injured. In exchange for a fee or monetary consideration that was paid by Harrison County, Mississippi, the ACA began an accreditation and evaluation process of the Harrison County Adult Detention Center in an effort to "improve conditions of confinement" through the establishment of proper training of jail staff, delivery of adequate medical services, proper detention techniques, understanding offender activity levels, standards, policies, procedures, evaluation, review and oversight. The primary goal for obtaining such accreditation was to "impact the life, safety and health of inmates, as well as staff" of an accredited correctional facility. The Harrison County Adult Detention Center was an ACA accredited facility at the time the Plaintiff was detained and injured.

80.    The contractual agreement entered into by the ACA and Harrison County, Mississippi, was specifically entered into for the purpose of improving the "conditions of confinement" of persons who may be detained at the Harrison County Adult Detention Center and to serve as a "defense against lawsuits." The Harrison County Board of Supervisors, acting on behalf Harrison County, Mississippi, and the citizens of Harrison County, Mississippi, created a third party beneficiary contractual relationship between the ACA and the citizens of Harrison County, Mississippi, i.e., those who may find themselves confined in the Harrison County Adult Detention Center and those tax-paying citizens whose taxes may be adversely affected by the prosecution of lawsuits for acts that violate local state, federal and/or constitutional laws.

81.    The ACA breached its contract with Harrison County, Mississippi, and its third

party beneficiary, the Deceased, Lee Demond Smith, when it knew or reasonably should have known that the Harrison County Adult Detention Center was not operating pursuant to its mandated standards, policies and procedures. As a direct and proximate consequence of the ACA's breach of this third party beneficiary contract, the Deceased, Lee Demond Smith, was so severely injured on the date in question that he ultimately died from said injuries.

## G. WRONGFUL DEATH

82.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

83.     The Defendants' conduct on the date in question as set forth above resulted in the wrongful death of the Deceased, Lee Demond Smith. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, that resulted in the wrongful death of the Deceased, the Defendants are jointly and severally liable to the Plaintiff for Lee Demond Smith's wrongful death. Thus, the Plaintiff, Lashun Smith, individually, and on behalf of all the wrongful death beneficiaries of the Deceased, Lee Demond Smith, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated, through their acts of omission or commission, the wrongful death of the Deceased, Lee Demond Smith.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Lashun Smith, individually, and on behalf of all the wrongful death beneficiaries of the Deceased, Lee Demond Smith, pray that upon the filing of this complaint, that this Honorable Court

would advance this case on the trial docket for a full and complete trial on the merits and upon the completion of the same enter a judgment granting the following relief:

a.     enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the actual or compensatory and presumed damages sustained by the Deceased, Lee Demond Smith, and which survive his demise pursuant to 42 U. S.C. Sections 1983, 1985, 1986, 1988, the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and for the violation of numerous pendent or supplemental state claims arising out of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, wrongful death, personal injury to his body, infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, loss of enjoyment of life, medical, funeral and/or burial expenses, loss of society and support, and any other injury or claim that may be discovered during the discovery process for which the law holds the Defendants liable and responsible in an amount to be determined by a jury;

b     a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in a gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the Deceased, Lee Demond Smith, in an amount to be determined by the jury;

c.     a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the Plaintiff's reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988, all costs of this action and related litigation expenses and expert fees;

33

d.    a judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable in the premises.

Respectfully submitted, this the 14th day of December, 2007.

**LASHUN    SMITH,    INDIVIDUALLY, AND    ON    BEHALF    OF    ALL WRONGFUL DEATH BENEFICIARIES OF THE DECEASED, LEE DEMOND SMITH**

*Mary B. Cotton*

John D. Giddens (MS #9357)
Mary B. Cotton (MS #100176)
John D. Giddens, P.A.
226 North President Street (39201)
P.O. Box 22546
Jackson, Mississippi 39225-2546
Phone: 601-355-2022
Facsimile: 601-355-0012