IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LASHUN SMITH, INDIVIDUALLY AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES
OF LEE DEMOND SMITH, DECEASED                                                        PLAINTIFF

VERSUS                                                        CAUSE NO.1:07-cv-1256-LG-JMR

HARRISON COUNTY, MISSISSIPPI, by and through
its Board of Supervisors; HARRISON COUNTY SHERIFF
DEPARTMENT; SHERIFF GEORGE PAYNE, JR., officially and
in his individual capacity; WARDEN DONALD CABANA, Ph.D.,
officially and in his individual capacity, BOOKING SUPERVISOR
CAPTAIN RICK GASTON, officially and in his individual capacity;
BOOKING ROOM DEPUTY LEO DEGEORGE, officially and in his
individual capacity; BOOKING ROOM DEPUTY JERRED MARK
NECAISE, officially and in his individual capacity; BOOKING ROOM DEPUTY
CATHERINE PAVOLINI, officially and in her individual capacity;
TRAINING DIRECTOR CAPTAIN PHIL TAYLOR, officially and in his
individual capacity, SGT. ALLEN GREEN, officially and in his individual
capacity; DIRECTOR OF INTERNAL AFFAIRS STEVE CAMPBELL, officially
and in his individual capacity; CENTRAL CONTROL OFFICER LEAH
RICHARDSON, officially and in her individual capacity; BOOKING ROOM
DEPUTY EVAN HUBBARD, officially and in his individual capacity;
DEPUTY JEREMY MOONEYHAM, officially and in his individual capacity;
DEPUTY KARL STOLZE, officially and in his individual capacity;
DEPUTY DANIEL EVANS, officially and in his individual capacity;
CORRECTIONS OFFICERS JOHN AND/OR JANE DOES A-Z in their official
and individual capacity; AMERICAN CORRECTIONAL ASSOCIATION;
and its employee(s)JOHN AND/OR JANE DOES 1-50; CITY OF BILOXI,
MISSISSIPPI; HARRISON COUNTY CORONER GARY T. HARGROVE,
officially and in his individual capacity; PAUL ANTHONY MCGARRY, M.D.,
officially and in his individual capacity; HEALTH ASSURANCE, LLC;
and its employee(s) JOHN AND/OR JANE DOES 51-100;
officially and in their individual capacities                                              DEFENDANTS

**MOTION FOR SUMMARY JUDGMENT
ON BEHALF OF DEFENDANTS, HARRISON COUNTY, MISSISSIPPI AND
GARY T. HARGROVE, HARRISON COUNTY CORONER,**

Comes now Defendants, Harrison County, Mississippi and Gary T. Hargrove, Harrison

County Coroner, in his official and in individual capacity, and submits their Memorandum of

Authorities in support of Summary Judgment pursuant to Fed. R. Civ. P. 56 and would show unto the Court the following, to-wit:

I.

Lashun Smith, individually and on behalf of all wrongful death beneficiaries of the decedent, Lee Demond Smith, filed suit on December 14, 2007, alleging claims pursuant to 42 U.S.C., §§ 1983, 1985, and 1986. Plaintiffs claim that the decedent's wrongful death resulted from the strangulation by certain deputies, co-defendants in this lawsuit, while the deceased was incarcerated at the Harrison County Adult Detention Center on December 17, 2006.

II.

Lee Demond Smith was incarcerated at the Harrison County Adult Detention Center on December 4, 2006, as a pre-trial detainee, until his death on December 17, 2006.

III.

The fact is that on December 17, 2006, the decedent, Lee Demond Smith, died of natural causes as a result of a pulmonary embolus of the deep leg and pelvic veins. The decedent died from a massive pulmonary embolism. Dr. Paul Anthony McGarry is an employee under contract with the Harrison County Coroner as a forensic pathologist who performs autopsies and medical examination in Harrison County, Mississippi. Dr. McGarry performed an official autopsy on Lee Demond Smith on December 18, 2006, which resulted in an official cause of death as a massive pulmonary embolism.

IV.

On August 20, 2009, the Court entered an Order granting in part and denying in part, Harrison County, Mississippi, Gary Hargrove, and Dr. Paul McGarry's Motion for Summary Judgment. The Court dismissed all claims except official capacity Civil Rights violations against Harrison County, Mississippi, for the alleged acts of George Payne and his deputies, and state tort claims against Gary Hargrove for an alleged intentional tort. All claims against Dr. Paul

McGarry, who performed the autopsy on the Deceased, were dismissed. Claimant's claim that Gary Hargrove conspired and fraudulent and misrepresented to suppress the claim that Lee Demond Smith died of natural causes and not by strangulation. All individual capacity claims against certain deputy defendants were dismissed. The Court Order dismissing Dr. Paul McGarry from the lawsuit, was granted in accordance with Miss. Code Ann. § 41-37-7(1972), which granted Dr. McGarry immunity because under the statute, if anyone who performs an autopsy "in good faith" and "complies with the provisions of the statue," is not liable for damages. Plaintiff submitted no evidence whatsoever to state that Dr. Paul McGarry committed any act other than one in good faith. Thus, Gary Hargrove and Harrison County, Mississippi, should be dismissed accordingly because Gary Hargrove relied upon the autopsy of Dr. McGarry in formulating his opinion that the Deceased died of a natural cause. Because the Deceased died of a natural cause, Harrison County, Mississippi, should not be liable. Gary Hargrove should be granted immunity for all the state law claims in accordance with Miss. Code Ann. § 11-46-9(1)(d)and(m)(1972) and § 41-61-65(2)(1972). There is not one shred of evidence Gary Hargrove committed an intentional tort.

V.

Gary Hargrove is the Coroner for Harrison County, Mississippi, and a public official. He is elected by citizens of Harrison County, Mississippi, for this position and he is not an employee of the Harrison County Board of Supervisors. Gary Hargrove's official report shows that the deceased died of natural causes with the primary cause of death as (a) myocardial hypoxia due to pulmonary atelectasis; (b) convulsive seizure activity; and (c) pulmonary embolus of the deep leg veins and pelvic vein thrombi. The external examination performed by Dr. McGarry shows there were "no fresh injuries" nor injuries "around the nose, lips, facial skin, neck, trunk, or extremities". The examination of the deceased's head shows "there are no injuries of the scalp, cranium, meninges,

or brain.". There was no subarachnoid or subdural hemorrhage. There was absolutely no evidence of any trauma to the deceased's body whatsoever, including any evidence of strangulation as claimed by Plaintiffs. Miss. Code Ann. § 41-61-65(2)(1972) grants him immunity.

VI.

Plaintiffs claim that on December 4, 2006, the deceased was arrested by the Biloxi Police Department on aggravated assault, which charge violated his probation from a 2005 conviction. Plaintiffs claim that on December 17, 2006, the deceased sustained injuries at the HCADC and was transported to Garden Park Medical Center in Gulfport, Mississippi. There is no evidence of any injuries to the deceased, other than the fact he sustained a seizure as a result of a pulmonary embolus. Plaintiffs caused a second autopsy to be performed on January 8, 2007, after the body had been embalmed. The expert witness, Mathius Okoye states the deceased's cause of death was "asphyxia due to neck compression and physical restraint while in police custody". This expert witness has not been deposed. There are three other pathologists who disagree: Dr. McGarry; Col. Nguyen and Col. Marzouk.

VII.

Plaintiffs sued Gary Hargrove, Dr. Paul McGarry, numerous deputies and Harrison County for wrongful death damages. The allegations against Gary Hargrove state he joined in a conspiracy with Dr. McGarry and others to interfere with deceased Lee Demond Smith's civil rights in the preparation of several false reports. They specifically claim the autopsy report concluded that the deceased showed no signs of trauma and died of natural causes, but that the "report was false". See Complaint at Paragraph 43. Plaintiffs claim this information was disseminated in a further attempt to cover up the atrocious conduct of the Defendants. This argument is no longer valid since Dr. McGarry was dismissed and found to have acted in good faith.

VIII.

The charge against Harrison County is that the Deceased was strangled to death, it was

covered up by Harrison County Officials, and claimed to represent the official policy, practice, customs and regulations of the Defendant, Harrison County, Mississippi, and the Harrison County Sheriff.  The Complaint further claims Harrison County operated in a conspiracy to interfere with his civil rights (42 U.S.C. § 1985) as set forth in Count II of the Complaint.  However, the Complaint does not state how Harrison County operated in such a conspiracy.  Count Three of the Complaint says Harrison County is liable for neglect or failure to prevent a conspiracy pursuant to 42 U.S.C. § 1986.  Paragraph 46 of the Complaint states the Defendants knew or reasonably should have known, prior to the death of the deceased, and the implementation of the conspiracy to deprive him of his federally protected rights, that such activity regularly took place at the Harrison County Adult Detention Center.  Paragraph 47 states that neither Sheriff George Payne, the Warden, Booking Supervisor, or members of Health Assurance, LLC., or "anyone else in a position of authority at the Harrison County Adult Detention Center" did anything to thwart the conspiracy that deprived the Decedent of his constitutional rights."

## IX.

There are no independent allegations against the Harrison County Board of Supervisors concerning the conspiracy set forth in Counts Two and Three of the Complaint, which should be dismissed.  Likewise, Count IV of the Complaint does not state any independent allegations against the Board of Supervisors, but merely states that the Defendants Payne, Cabana, Gaston, and Phil Taylor, failed to adequately train and supervise deputies. Likewise, with Count V, wherein the Complaint charges negligent hiring, retention and failure to discipline employees.  Count VI of the Complaint charges Harrison County, Gary Hargrove and Dr. McGarry and others acted with fraudulent misrepresentation and suppression by "misrepresenting to the public, the media, the cause of Lee Demond Smith's death and/or fraudulently and intentionally concealed material

information, concerning the abuse and excessive force used against the deceased, Lee Demond Smith". This argument is now moot. Dr. McGarry was found to have acted in good faith. Thus, Coroner, Gary Hargrove did not commit an intentional tort in relying upon the autopsy report of Dr. McGarry. The remaining allegations of the Complaint are: Count VII. Pendent State of Supplemental Claims   A. Battery; B. Assault; C. Civil Conspiracy; D. The Common Law Tort of Outrage; E. Intentional Infliction of Emotional Stress, and F. Breach of Third Party Beneficiary Contract, are all barred by the Mississippi Tort Claims Act, specifically Miss. Code Ann. § 11-46-9 (1))d) and (m)(1972) wherein Harrison County and its employees and officials, such as Gary Hargrove, are entitled to sovereign immunity for any claim brought by an in mate in a state or county penitentiary.                            X.

As a result of the death of Lee Demond Smith, the United States Department of Justice performed a criminal inquiry into Mr. Smith's death. The Department of Justice engaged the services of the United States Department of Defense Pathologist, Dzuy T. Nguyen, Maj, USAF, MC (Associate Medical Examiner) and AbuBakr A. Marzouk, Col, USAF, MC (Deputy Medical Examiner) to evaluate the autopsies performed on Lee Smith by Dr. McGarry and the expert witness hired by Plaintiffs, Dr. Okoye. After reviewing the two autopsy reports and related histology slides and photos from both autopsies, Dr. Nguyen and Dr. Marzouk rendered a joint opinion on June 9, 2008, stating that "there are conclusive evidence of antemortem pulmonary thromboembolism and deep venous thrombosis correlated with the terminal events leading to Mr. Smith's death", thus agreeing with and validating Dr. McGarry's original autopsy report, resulting

in a conclusion of death from natural causes.  See **Exhibit N** to George Payne's Motion for Summary Judgment.

XI.

Plaintiff's official capacity Section 1983 claims against Harrison County and Gary Hargrove are subject to dismissal because Plaintiffs cannot prove that Lee Demond Smith suffered a violation of his Federal Constitutional rights or rights under the Mississippi Constitution, nor can they point to the existence of a policy, custom or practice of Harrison County which caused him any constitutional violation.

XII.

Plaintiffs have failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1985, and it follows they cannot maintain their § 1986 claim.  Plaintiffs' 42 U.S.C. § 1985 and 1986 claims should be dismissed as a matter of law.

XIII.

In support of their Motion, Defendants rely upon the numerous exhibits submitted by co-defendants George Payne, Jr., et al, in their Motions for Summary Judgment, specifically the Affidavits of numerous nurses, physicians, deputies and others, as well as the deposition of Col. Marzouk, and his reports, being the two United States Department of Defense reports by ir Force Forensic Pathologists Col. Marzouc and Col. Nguyen, dated March 11, 2008 and June 6, 2008.

Defendants also rely on the following:

Exhibit "1" Affidavit of Gary Hargrove; and

Exhibit "2" Department of Defense Report dated June 9, 2008

Exhibit "3" Affidavit of Dr. Paul McGarry

Defendants further rely upon the Memorandum of Authorities being filed with the Court

-7-

contemporaneously herewith.

Wherefore, premises considered, Defendant Harrison County, Mississippi and Gary T. Hargrove, officially and in their individual capacity, file their Motionsfor Summary Judgment based on the undisputed facts, that they are entitled to Summary Judgment as a matter of law on all official and individual capacity claims.

RESPECTFULLY SUBMITTED, this the ___ day of June, 2010.

> HARRISON COUNTY, MISSISSIPPI,
> GARY HARGROVE, and
> DR. PAUL ANTHONY McGARRY
>
> MEADOWS LAW FIRM
>
> */s/ Karen J. Young*
> KAREN J. YOUNG

KAREN J. YOUNG, ESQ.
MS BAR NO. 6654
MEADOWS LAW FIRM
P. O. Box 1076
1902 21st Avenue
Gulfport, MS 39502
(228) 868-7717
(228) 868-7715 (Fax)

<u>CERTIFICATE OF SERVICE</u>

I, Karen J. Young, of Meadows Law Firm, do hereby certify that a true and correct copy of the above and foregoing was filed with the United States District Court wherein a copy was forwarded electronically to:

>C. Carter Clay, Esq.
>2001 Park Place N.
>Suite 1100
>Birmingham, AL 35203
>
>Cyril Faneca, Esq.
>Dukes, Dukes, Keating and Faneca
>P.O. Box W
>Gulfport MS 39502
>
>Robert H. Pedersen, Esq.
>Watkins & Eager
>P. O. Box 650
>Jackson, MS 39205-0650

SO ORDERED this 24th day of June, 2010.

/s/ Karen J. Young
KAREN J. YOUNG

KAREN J. YOUNG, ESQ.
MS BAR NO. 6654
MEADOWS LAW FIRM
P. O. Box 1076
1902 21st Avenue
Gulfport, MS 39502
(228) 868-7717
(228) 868-7715 (Fax)