UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LASHUN SMITH, INDIVIDUALLY AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF LEE DEMOND SMITH, DECEASED | § § § § § § | PLAINTIFF |
| V. | § § | CAUSE NO. 1:07cv1256-LG-JMR |
| HARRISON COUNTY, MISSISSIPPI, BY AND THROUGH ITS BOARD OF SUPERVISORS; et al. | § § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING HARRISON COUNTY AND HARGROVE'S SECOND MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendants Harrison County, Mississippi, and Gary T. Hargrove's second Motion for Summary Judgment [158]. Plaintiff Lashun Smith filed this action for her son Lee Demond Smith's alleged wrongful death, while he was in the custody of the Harrison County Adult Detention Center ("HCADC"). Movants argue (1) there was no constitutional violation and (2) no moving force policy or custom of excessive force, (3) they are immune from the state law claims, and (4) there is no evidence to support the state law claims. The Court has considered the parties' submissions and the relevant legal authority. The County is granted summary judgment on the Section 1983 excessive force claim, and Movants are granted summary judgment on the remaining state law claims. The Section 1983 claim for denial of access to courts is dismissed without prejudice against the County.

**FACTS AND PROCEDURAL HISTORY**

Lee was arrested and charged with a probation violation on December 4, 2006.

He was placed into the custody of the HCADC until his death on December 17. Around mid-day on the day of his death, he collapsed on the floor of the day room in B-Block, E-Section. Fellow inmates David Beechler and Donald Morgan assisted him and notified deputies. Beechler, Morgan, deputies, and jail nurses Gay Hartley and Shirley Sumrall performed C.P.R. on Lee until the ambulance arrived. The ambulance took him to Garden Park Hospital at approximately 1:45 p.m. En route one deputy continued to perform C.P.R.

Lee was pronounced dead at the hospital at approximately 2:01 p.m. The autopsy was performed the next day by medical examiner Dr. Paul McGarry. He reported that Lee died naturally from a pulmonary embolism. Harrison County Coroner Defendant Gary T. Hargrove reported likewise.

Several days later, Lee's family had a second autopsy performed by Dr. Matthias Okoye. He concluded Lee's death was a homicide caused by strangulation due to neck compression and physical restraint. Dr. Okoye also found no evidence of a pulmonary embolism and opined that the first autopsy failed to dissect Lee's lungs which was necessary in order to diagnose a pulmonary embolism.

Mrs. Smith subsequently filed this wrongful death action under Sections 1983, 1985, 1986, and various state law claims, alleging her son was killed by deputies while in the custody of the HCADC and there was a conspiracy to cover up the excessive force. Previously, the Court dismissed the Sections 1985 and 1986 and negligence claims against Movants, the Section 1983 claim against Hargrove, and the Section 1983 punitive damages claims against the County. The remaining claims against

2

Harrison County are under Section 1983 and against both Movants are state law intentional torts.

## DISCUSSION

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon .

3

. . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

SECTION 1983

Mrs. Smith brings a claim against Harrison County under Section 1983 for excessive force and for conspiracy to cover up the excessive force. She specifically alleges that Lee was strangled to death by HCADC deputies and that Harrison County actors agreed to cover up the true cause of his death. The County argues, among other things, that (1) there was no constitutional violation, and in the alternative, (2) there was no policy or custom which caused the violation.

The Court has already considered this argument in its contemporaneous Memorandum Opinion and Order Granting Payne's Second Motion for Summary Judgment. For the reasons stated therein, the County is granted summary judgment on the Section 1983 excessive force claim, and the Section 1983 claim for conspiracy to deny access to courts is dismissed against the County without prejudice.

STATE LAW INTENTIONAL TORTS

Movants first argue they are immune from the intentional tort claims under the inmate exception of the Mississippi Tort Claims Act. The Court has already ruled by prior order that the Mississippi Tort Claims Act immunity would not apply to these claims.

HARGROVE

Hargrove next argues that he is immune from the intentional tort claims under Mississippi Code Annotated Section 41-61-65(2). This statute provides:

4

> Any medical examiner or duly licensed physician performing authorized investigations and/or autopsies as provided in Sections 41-61-51 through 41-61-79 who, in good faith, complies with the provisions of Sections 41-61-51 through 41-61-79 in the determination of the cause and/or manner of death for the purpose of certification of that death, shall not be liable for damages on account thereof, and shall be immune from any civil liability that might otherwise be incurred or imposed.

Miss. Code Ann. § 41-61-65 (2010). This immunity "protects only good faith conduct" and does not apply to intentional torts. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 191 (5th Cir. 1989). The only remaining claims against Hargrove are intentional torts.

Finally, Hargrove argues that there is no evidence that he committed the intentional torts alleged against him. The remaining claims are fraud, civil conspiracy, and intentional infliction of emotional distress when he allegedly agreed to and did intentionally misrepresent the cause of Lee's death and cover up the excessive force. While there is evidence that Lee was strangled, there is no evidence that he was strangled by HCADC deputies; therefore, there is no evidence that Hargrove conspired to and in fact concealed excessive force. Hence, there is no evidence that he committed fraud, engaged in a civil conspiracy, nor intentionally inflicted emotional distress upon Mrs. Smith and Lee's wrongful death beneficiaries.

THE COUNTY

The remaining claims against the County are for fraud, battery, assault, civil conspiracy, intentional infliction of emotional distress, and intentional wrongful death. All of these claims likewise center on the allegation that Lee was strangled to death by HCADC deputies. By this and the contemporaneous Order Granting Payne's Second Motion for Summary Judgment, the Court has found no evidence of excessive

force by deputies nor of acts to cover up such excessive force. Harrison County is therefore entitled to summary judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendants Harrison County, Mississippi and Gary T. Hargrove's second Motion for Summary Judgment [158] should be and is hereby **GRANTED** on the Section 1983 excessive force claim against the County, and the remaining state law claims against the County and Hargrove. The Section 1983 conspiracy to deny access to courts claim is dismissed without prejudice against the County. The case will proceed against Defendants Jerred Mark Necaise, Leah Richardson, and American Correctional Association.

**SO ORDERED AND ADJUDGED** this the 27th day of September, 2010.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge