UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LASHUN SMITH, INDIVIDUALLY § | | PLAINTIFF |
| AND ON BEHALF OF ALL § | | |
| WRONGFUL DEATH § | | |
| BENEFICIARIES OF LEE DEMOND § | | |
| SMITH, DECEASED § | | |
| § | | |
| V. § | CAUSE NO. 1:07cv1256-LG-JMR | |
| § | | |
| HARRISON COUNTY, MISSISSIPPI, § | | |
| BY AND THROUGH ITS BOARD OF § | | |
| SUPERVISORS; et al. § | | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING PAYNE, CABANA, TAYLOR, GREEN, CAMPBELL, AND MOONEYHAM'S SECOND MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendants George Payne, Jr., Donald Cabana, Phil Taylor, Alan Green, Steve Campbell, and Jeremy Mooneyham's second Motion for Summary Judgment [155]. Plaintiff Lashun Smith filed this action for her son Lee Demond Smith's alleged wrongful death, while he was in the custody of the Harrison County Adult Detention Center ("HCADC"). Movants argue they are entitled to dismissal because (1) there was no excessive force, (2) there was no policy or custom that was the moving force behind the excessive force, (3) Lee was not strangled, (4) the Complaint fails to state a claim under Sections 1985 and 1986, (5) they are immune under state law, and (6) there is no evidence they committed any of the alleged intentional state law torts. The Court has considered the parties' submissions and the relevant legal authority. Movants are granted summary judgment on the claims for Section 1983 excessive force and state law intentional torts. The Section 1983 claim

against Movants for denial of access to courts is dismissed without prejudice.

## FACTS AND PROCEDURAL HISTORY

Lee was arrested and charged with a probation violation, on December 4, 2006. He was placed into the custody of the HCADC until his death on December 17. Around mid-day on the day of his death, he collapsed on the floor of the day room in B-Block, E-Section. Fellow inmates David Beechler and Donald Morgan assisted him and notified deputies. Deputies, and jail nurses Gay Hartley and Shirley Sumrall, and Beechler and Morgan performed C.P.R. on Lee until the ambulance arrived. The ambulance took him to Garden Park Hospital at approximately 1:45 p.m. En route one deputy continued to perform C.P.R.

Lee was pronounced dead at the hospital at approximately 2:01 p.m. The autopsy was performed the next day by medical examiner Dr. Paul McGarry. He reported that Lee died naturally from a pulmonary embolism. Harrison County Coroner Defendant Gary T. Hargrove reported likewise.

Several days later, Lee's family had a second autopsy performed by Dr. Matthias Okoye. He concluded Lee's death was a homicide caused by strangulation due to neck compression and physical restraint. Dr. Okoye also found no evidence of a pulmonary embolism and opined that the first autopsy failed to dissect Lee's lungs which was necessary in order to diagnose a pulmonary embolism.

Mrs. Smith subsequently filed this wrongful death action under Sections 1983, 1985, 1986, and various state law claims, alleging her son was killed by deputies while in the custody of the HCADC and there was a conspiracy to cover up the excessive

force. By previous orders, the Court dismissed the Section 1983 individual capacity claims, the Section 1983 official capacity claims for punitive damages, the Sections 1985 and 1986 claims, and the state law negligence claims against Movants. The remaining claims against them are therefore the official capacity Section 1983 claims and the intentional tort state law claims.

## DISCUSSION

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that

3

summary judgment should not be granted. *Id.* at 324-25. "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

S<span>ECTION</span> 1983

Mrs. Smith brings an official capacity claim against Movants under Section 1983 for excessive force and for conspiracy to cover up the excessive force. She specifically alleges that Lee was strangled to death by HCADC deputies and that Movants agreed to cover up the true cause of his death. Movants argue that the official capacity claim fails because she cannot prove (1) a constitutional violation nor (2) that it was pursuant to a policy or custom of excessive force at the HCADC.

A claim against Movants in their official capacity is treated as a claim against the county, and sheriffs in Mississippi are the final policymakers with respect to all law enforcement decisions made within their counties. *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir. 1996). A municipality may be held liable under 42 U.S.C. 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to prove Movants are liable, in their official capacity, under Section 1983, Mrs. Smith must prove (1) the existence of a policymaker, and (2) an official policy or custom, (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

I.   EXCESSIVE FORCE

The Fourteenth Amendment Due Process Clause protects a pretrial detainee from excessive force that amounts to punishment, while the Eighth Amendment protects a convicted prisoner from this same conduct. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *Ortega v. Rowe*, 796 F.2d 765, 767 (5th Cir. 1986). It is yet uncertain whether a person, such as Lee, who awaits determination of whether he violated his probation is treated as the equivalent of a pre-trial detainee or a convicted prisoner. *Palmer v. Marion County*, 327 F.3d 588, 592-93 (7th Cir. 2003); *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1539 n.3 (11th Cir. 1994) (parole violation). *See also*, *Williams v. Limestone County*, 198 Fed. Appx. 893, 896 n.3 (11th Cir. 2006).

In either event, the standard for analyzing an excessive force claim under the Fourteenth Amendment is the same as the Eighth Amendment standard. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). This right is violated if there is (1) more than a de minimis injury, (2) which resulted directly and only from the use of force that was excessive to the need, and (3) the force was objectively unreasonable. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). To determine whether the force was excessive, the inquiry is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). "Often, of course, there will be no evidence of the detention facility official's subjective intent, and the

5

trier of fact must base its determination on objective factors suggestive of intent." *Id.* Some of these factors would be (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of the forceful response. *Id.* at 1447 n.29.

There is competing evidence on Lee's cause of death, whether by a natural pulmonary embolism or homicidal strangulation. Accepting, as the Court must, the evidence in the light most favorable to Mrs. Smith, there is evidence from which a jury could conclude that Lee died of strangulation while at the HCADC. However, there is no evidence from which a jury could conclude that it was at the hands of HCADC deputies. In fact, it is undisputed that at the time of his death, some forty-five inmates were in the same day room and had access to him. The nearest deputy was in the tower watching over the entire B-Block. Thus there is no evidence of excessive force, and Movants are entitled to dismissal of this claim, in their official capacities.

II.     CONSPIRACY TO DENY ACCESS TO COURTS

Mrs. Smith asserts Section 1983 claims against Movants for conspiracy to cover up the alleged excessive force.

This particular conspiracy claim alleges a conspiracy to deny Mrs. Smith's access to courts. To pursue this claim, she must prove that the conspiracy "hindered h[er] efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is not clear if she is pleading a "forward-looking" or "backward-looking" access claim. A forward-looking access claim is a case where the "litigating opportunity yet to be

gained" is being blocked by the defendants. *Christopher v. Harbury*, 536 U.S. 403, 414 (2002). "The object . . . is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413. She cannot prove a forward-looking denial of access, because she has in fact filed the excessive force claim.

A backward-looking claim is about "an opportunity already lost." *Id.* at 414-15. It looks "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id.* at 414. For a "backward-looking access claim," Mrs. Smith must prove (1) an underlying cause of action, (2) the litigation of which was frustrated by official acts, (3) which resulted in a lost remedy. *Id.* at 415-16. As for the third element, she:

> must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Id.* at 415. For example, the official deception "may allegedly have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief." *Id.* at 414.

On the record as it presently stands, there has yet been no litigation that has ended poorly nor a lost opportunity to seek some particular relief. The Court is provided with no evidence of a lost opportunity to sue others, or the lost opportunity to seek some particular relief. Therefore, it appears that this claim is not yet ripe. Movants are entitled to dismissal without prejudice of this claim.

STATE LAW INTENTIONAL TORTS

Movants next argue that there is no evidence that they committed any of the remaining state law torts. The remaining state law claims against Movants are fraud, battery, assault, civil conspiracy, intentional infliction of emotional distress, and intentional wrongful death. All of these claims likewise center on the allegation that Lee was strangled to death by HCADC deputies. As previously stated, while there is evidence that he was strangled, there is no evidence that HCADC deputies nor these Movants strangled him. Therefore, there is no evidence that Movants committed fraud or civil conspiracy in knowingly covering up the fact that he was so strangled. Likewise, there is no evidence that Movants committed battery, assault, intentional infliction of emotional distress, or intentional wrongful death.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendants George Payne, Jr., Donald Cabana, Phil Taylor, Alan Green, Steve Campbell, and Jeremy Mooneyham's second Motion for Summary Judgment [155] should be and is hereby **GRANTED** on the claims against Movants for Section 1983 excessive force and state law intentional torts. The Section 1983 claim for denial of access to courts is dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 27th day of September, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE